Now we come to U.S. v. Edwin Leonard Leonardo Gillette. Good morning again, Your Honor. Steve Habesheff on behalf of Mr. Gillette. Did Your Honor get the 28-J letter that I faxed up on Monday? There was a citation to an application note, application note 8, to the relevant… which is very bad for Mr. Gillette's interest, so I'd like to address that first. You mean the relevant guideline provision is finally cited to us? Yes, Your Honor, it is. I apologize for the fact that it wasn't cited earlier, but it's cited now. The longer you stand there, the more you look like Donald Trump. Well, I wish my bank account would start looking like his. I don't know. Maybe you should sit down. Thank you, Your Honor. Okay. With respect to the guideline provision, application note 8. Anyway, with respect to application note 8. Application note 8 to what? Application note 8 to section 1B1.3. Okay. Yes. Go ahead. Which addresses a situation very similar factually. I'm not even going to try to distinguish it with respect to the argument that Mr. Gillette has raised. And basically, our position with respect to that application note is that under the Stinson standard, the court is bound by commentary, but not if the commentary is inconsistent with or a plainly erroneous reading of the guideline. And what we have is a situation where application note 8 says that something that the guideline itself says is relevant conduct is not relevant conduct. Namely, a criminal act that is part of the same course of conduct and where everything is exactly the same does not qualify as relevant conduct if, in fact, you've suffered a previous State conviction. Why isn't it simply clarifying what it means by course of conduct? Because if they didn't put in application note 8, of course, your argument might be golden. Because it said, well, it's course of conduct. But they're trying to say, look, it ain't going to be the same course of conduct if a guy has committed a crime, been busted, been put in prison, like this guy, gets out of prison, goes back to his good old former group and commits another crime. So that's not the same course of conduct. It's been broken by something. It's been broken by his imprisonment. I don't quite understand why that's contrary. It might be explanatory, but that's what the commission is trying to say to us, the Supreme Court tells us. You know, that's not something we can look at or not look at. I mean, we're bound by it. They're trying to explain to us. This is what we're talking about. If you find there's an ambiguity, here's what we're talking about. What's wrong with that? Well, I think the very last thing that Your Honor just said, I think, is what our position is, is that if it were explaining an ambiguity in the guideline provision itself, then that would be one thing. But it isn't explaining any sort of ambiguity. What it is is it's saying that if you have somebody who meets all the criteria, the same accomplices, the same victim, the same crime, so on and so forth, that nonetheless is not relevant conduct because of this intervening arrest. But nothing in the actual language of the guideline itself admits of any sort of exception like that. And what's more, Application Note 8 itself at the end says in situations where the individual is charged with a conspiracy, that in fact we're going to ignore this rule in the first part of Application Note 8 if the conspiracy encompasses both acts. And the problem with that is, is that this guideline itself twice says that if you're charged with a conspiracy versus just a substantive offense, it doesn't make any difference. It says that at Section 1B1.3A1B, where it says that you have you're responsible for various jointly undertaken criminal activity even if you're not charged as a conspiracy. So it reaches a result in Application Note 8 that's inconsistent with that plain language of Section 1B1.3, and the notion that it doesn't matter if you're charged with a substantive offense or a conspiracy is, in fact, repeated in Application Note 1 to Section 1B1.3. So there is substantial inconsistency. Kennedy. So if this guy were in prison for 10 years, finally gets out after his good conduct and goes back to his old group and does it again, you say, well, that's just relevant conduct? Well, I don't think that in the ---- I'm sorry, Your Honor. Is that true? No, I don't think it's true. So where do you draw the line? At what time do you draw the line? Six months, 10 months, 10 years? I think that the ---- Where do you draw it? The time that I draw the line is basically what courts have been doing since relevant conduct was adopted. I mean, some periods of time are considered to be too long and others are not. I think under Your Honor's 10-year hypothetical, clearly that would be too much time. But seven months is not too much time. This Court's decision in Lillard in which the individual was arrested in November and then had a conviction or an arrest seven or eight months later, this Court found in fact that was relevant conduct. The Second Circuit, I believe it's the O'Connell case, has said that this Court has routinely found that conduct up to a year apart could be relevant conduct. So I think that my answer to Your Honor's question is that I would apply the same relevant conduct analysis that is applied across the board to deciding whether or not that gap is too long. Ten years is too long, but seven months is not too long. I still don't really understand your answer, however, to Judge Fernandez's question. I mean, what we have here, or the original question, we have here a guideline that says that for a certain subgroup of offenses, those that require grouping, if it's part of the same common scheme or plan, that that will be relevant conduct. But then we have a comment that that doesn't include a situation in which there is an intervening conviction. So what's contradictory about that? Well, because the plain language of the guideline itself doesn't indicate that there are any exceptions. So by creating a new exception, I think it's inconsistent in that sense. It's also inconsistent in that it treats conspiracies differently than it treats substantive offenses. And the plain language of the guideline itself, as well as Application Note 1, say it doesn't matter whether you're convicted of a conspiracy or a substantive offense. So to the extent that this guideline mandates differential treatment for people convicted under those two theories, it's inconsistent with that. And again, I'm missing that. Why does it treat conspiracies differently? The very last sentence of Application Note 8 says that in certain cases, offense conduct associated with a previously imposed sentence may be expressly charged in the offense of conviction, say as in a conspiracy as an overt act. Unless otherwise provided, such conduct will be considered relevant conduct under subsection A1, not A2. So I think that it is differentially treating conspiracies and subsections. It doesn't say because it's a conspiracy. It says because if you charge it in the offense of conviction, that's different. It doesn't say a lot of conspiracies, in fact. Well, I think that I would go back to the plain language of the guideline itself, which says that it shouldn't matter if you charge it as a guideline. I understand that there's a difference in terms of the charging. You know, if you mention it as an overt act, then it's obviously charged in the new offense. But that shouldn't make a difference in terms of calculating relevant conduct. All right. Then the last point I would make with respect to inconsistency is that Chapter 4, I think it's 4A12, the guideline that actually determines criminal history calculation. It also says that if conduct is a part of the — if an old offense is part of the new offense, then you don't get criminal history points. So it seems that the Sentencing Commission did, in fact, intend to not have individuals get criminal history points, even if they had suffered prior convictions and had actually suffered sentences. So I think they clearly intended for some people in Mr. Gillette's position to actually be able to take advantage of this particular rule. And to the extent that Application Note 8 to 1B1.3 effectively eliminates it, then I believe that's inconsistent as well. I'd like to reserve the rest of my time for rebuttal. Thank you. All right. Good morning, Your Honors. May it please the Court. Penny Carlos for the United States, assisting United States Attorney from the Southern District of California. In this case, Appellant Gillette's April 2001 conviction was correctly counted as a prior sentence under Guideline Section 4A1.2a1. A prior sentence is any sentence previously imposed for conduct that's not part of the instant offense. The instant offense took place in November 2001. In April 2001, as we all know, Mr. Gillette drove a load of drugs, was caught, arrested, convicted, and served a sentence. Application Note 8 to relevant conduct is directly on point to the situation present before the Court. So this is the problem. The 4A1.2, however, clearly contemplates that there are some subgroup situations in which, despite an intervening conviction, the conduct will be counted as relevant conduct and not as a prior conviction, right? Right. Right. What is that subgroup after your reading of the statute? As it relates to Application Note 8? Well, yes. You then circle back through the relevant conduct language in order to find out what it means to be part of the offense. And then you go to 2, and then you go to 8, and then we're back at the other end, apparently, with no such subcategory. There are instances in cases in which conduct committed later or the Federal offense the conduct that's the subject of the Federal offense was related to conduct committed earlier that was the subject of previous convictions or uncharged or unadjudicated conduct. Okay. We see that most often in conspiracy cases, though I agree with Mr. Hubachek. You don't have to have a conspiracy for the application or definition of any of these terms we're using, but looking at a conspiracy is definitely helpful in terms of relating back to conduct. There are many instances where a conspiracy would be an ongoing investigation. In some cases, it covered from 19 — there was one case where it covered from 1996 to 2000. And in that case, the Court found that it was an ongoing investigation by one agency and that because of that, the prior acts were counted in the instant Federal offense that was before the Court. And therefore, you could go back and add the amounts of the prior drug transactions to relevant conduct in that case because of the conspiracy. But here we have, as in Buchanan, a discrete, identifiable, illegal act that was not an integral part or any part, I would argue, of the Federal offense that occurred in November. April was completely separate. It was complete in and of itself. And we know from the pre-sentence report in Mr. Gillett's own statement that he became desperate for money once again and went back, borrowed money and had to work it off by driving drugs. There's no continuity. There's no ongoing nature to this. The similarity is — That's a different argument. That's an argument that says this wouldn't qualify as relevant conduct anyway. But let's assume that it would qualify as relevant conduct anyway. I'm still not seeing how Application Note 8, which says, for purposes of Subsection A2, offense conduct associated with a sentence that was imposed prior to the accident of omission, does not consider it as part of the same course of conduct, doesn't undo 4A1.2, which says that a prior sentence may not — may be relevant conduct and not a separate conviction. I didn't understand your explanation of that, is what I'm saying. Okay. My explanation of that and why the two can be read together and do not contradict each other is because Note 8 talks about offense conduct associated with a sentence imposed prior to the acts. But if you look at prior sentence and whether or not — under 4A1.2 and whether or not it relates to conduct part of the instant — the instant offense, that's where it's different. In Note 8, the court talks about — A sentence imposed — this is from 4A — this is from the Application Notes for 4A1.2. Right. A sentence imposed after the defendant's commencement of the instant offense, but prior to sentencing on the instant offense, is a prior sentence, if it was for other than conduct that was part of the instant offense. So there's an if, and then — and the if then sends you back to the relevant conduct provision. Right. And I agree that the — I believe they can be read together. For instance, in the query case that the defense cited out of another circuit, there was a defendant that operated a lab, drugs from — and he had drugs from his lab. He directed the drugs and directed the distribution. In one case, he had his wife drive the drugs to a certain point. In another case, he was intercepted mailing the drugs that he manufactured in the lab. In both cases, in both instances of conduct, the drugs came from the same lab. He directed the distribution. But this is an example of conduct that is related to the instant Federal case, because he was convicted in State court for the drugs that were mailed. And the offenses were only days apart. Obviously, I mean, it was a conspiracy, so there's other — But then you're arguing that it's not relevant conduct. You're not arguing that it is relevant conduct, but Application Note 8 takes it out. That's not the reasonable one. The reason why that's relevant conduct, even though it was a State conviction like we have here, we have a State conviction that's — here, it's not relevant conduct. There it was, because it was a conspiracy charge and the conduct was related to the offense of the Federal offense. Here, the conduct's not related. The April conduct is in no way related to the November offense. It was done. It was finished. He wasn't part of a — That has to be an argument that it's not relevant conduct for purposes of the guidelines. But let's suppose it is relevant conduct for purposes of the guidelines. November's relevant — okay. In other words, if it's not relevant conduct for purposes of the guidelines, Application Note doesn't matter, right? It's just not relevant conduct for purposes of the guidelines, period. Well, I think the prior sentence definition sends us back to look at relevant conduct to make sure that it can be properly excluded. So I think you have to look at relevant conduct to make sure that the prior offense can be properly excluded. And here, it can be. And that's where Application Note 8 is right on point, because it tells us if you have this situation where the conduct was imposed for an act that's not related to the later act that's the subject of the Federal offense, it is not part of the common scheme, design, plan, and course of conduct. It doesn't say that at all. It seems to say that even if it is related, if there's a prior conviction, it's not to be counted as related. It's not to be counted because the conduct associated with the sentence, that conduct in that sentence occurred prior to the acts of the instant Federal offense. And I think that's the language that, if we focus on it, would clarify this for us, because the November offense occurred well after, obviously, the April offense. The April offense in no way affected the November offense. So the prior offense had nothing to do with the occurrence of the second offense in November. Well, if that's true, then we don't have a problem. We don't get into Application Note 8. But we're in it because, or at least arguably in it, because we think that if, for example, there had been no intervening conviction, and we were sentencing the defendant, Mr. Gillette, for this sentence here, that the government might well come up and say, well, this earlier crossing was a relevant contraction. You should take it into account. Right? In that case, it would be completely different. You're right, Your Honor, because there would be no intervening offense conduct associated with a separate sentence where a person was actually sentenced, served their time, got out, and committed a separate crime. And a good analogy for what is wrong with the logic of the defendant's opinion would be a person that goes out with an accomplice and robs a bank, leaves the bank, gets caught, and his accomplice in the getaway car leaves the scene, doesn't get caught. So Defendant 1 serves his time, comes out. The accomplice then says, hey, let's rob a bank again. We need money. And they go and do it again. Now, clearly in that case, the second bank robbery, the first bank robbery would not be relevant conduct to the second bank robbery, even though it could be the same accomplice, same getaway car, just like the other. But it would be if they weren't caught in the mill, if they were never caught. It could be, absolutely. And in that situation, as in most situations, especially in our district from what we see, if he wasn't caught in April, if he wasn't charged in April, if he was caught but not charged and then came through again in November, that would be a completely distinguishable different situation. I think we're – I think part of this argument is forgetting the purpose of the relevant conduct guideline. And it strikes me that the purpose that they were concerned with was to prevent prosecutors, for example, from charging crime A. If they've got A and B, they can charge. They've both been committed. But they do them separately in order to increase the person's sentence or to get a different sentence than you would get if you charged them together. And relevant conduct takes care of that. Here, there's no such problem because the person has already been charged with the only crime he could be charged with, convicted of the only crime he could be convicted with, and now he's gone out and committed another crime. So we're not trying to adjust that kind of problem. And that's what the relevant conduct guideline is all about, I thought. I agree with that, Your Honor. So if that's what it's about, then it seems to me we're having a scholastic debate, but if we look at the purpose of this thing, all they've done is made clear what their purpose is by Note 8. Right. I agree with that. I think Note 8 is right on point. Note 8 is the exact same example, and I guess my time is up. Except that Note 8 does not actually require that the new conviction be for something that happened before the second conviction. In other words, it doesn't have the time sequence that Judge Fernandez suggested. It's very mystified. Anyway, go ahead. I guess my time is up. Thank you. Thanks. I don't dispute Judge Fernandez's assessment of relevant conduct and how it applies. I think the real problem here, though, is that Application Note 8, if followed through to its extreme, makes 4A1.2A1 virtually meaningless because it will only very rarely apply. And if the Sentencing Commission had intended for the guideline itself to be very rarely applied. Does it matter that Application Note 8 only applies for purposes of subsection A2? In other words, is our problem here really a non-problem because what we really have is a subcategory of offenses, those which are covered by Section 3D1.2B, and Application Note only applies to that. And therefore, for a whatever it is, it's not negated. It's just limited to a certain other subcategory of offense. Well, I would disagree that this is a subset type case because I think that when 4A1.2A1 is talking about prior sentences, I think that the majority of those sentences are going to be ones that are imposed before the new criminal conduct is undertaken because we're talking about prior sentences which can go back in time. So I think that Application Note 8 really does that. I know. I'm talking about something else. Oh. If you look at 1B1.3, you have definitions of relevant offense, and 2 is solely with respect to offenses of a character for which Section 3D1.2E would require grouping. And then Application Note 8 applies for purposes of subsection A2 only. So in other words, we have a subcategory of offenses which is essentially backed out of the 4A1.2 provision, but it doesn't negate 4A1.2. It just backs out a category of offenses. I think I understand your point now, and I guess my only response is that 3B1.2B applies to offenses that make the bulk of our practice in San Diego, and I think federally as well, the drug cases. So I think it's a very large subset. Well, yeah, that's fine, but they can just do that. They can just say that this applies to some things but not other things. Thank you, Your Honors. Thank you. I do appreciate the inspired argument. I'm sure it's going to convince the young people in this courtroom to go out and seek a career in the law. I think that was a good view. All right.
judges: Pregerson, Fernandez, Berzon